UNITED STATES of America,
Plaintiff-Appellee,

v.

George Gregory SCHEIGERT,
Defendant-Appellant.

No. 86–5268
Nonargument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 17, 1987.

Bruce Rogow, Ft. Lauderdale, Fla., for defendant-appellant.

David O. Leiwant, Sonia O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

George Scheigert appeals directly from his jury trial conviction for violation of the federal firearms laws. Scheigert was found guilty of possessing one unregistered machinegun in violation of 26 U.S.C. §§ 5861(d), 5871 and transferring the same machinegun without approval of the Secretary of the Treasury in violation of 26 U.S.C. §§ 5861(e), 5871. He was also con-

victed of conspiracy to commit these offenses. The district court imposed concurrent sentences of eight years for the substantive convictions and, for the conspiracy conviction, placed Scheigert on probation for five years commencing upon his release from prison.

On appeal, Scheigert raises three issues: (1) whether the trial court improperly denied him a hearing to determine the voluntariness of his confession; (2) whether the trial court erred in permitting the government to utilize the testimony of a rebuttal witness; and (3) whether the prosecutor's reference to other crimes prejudiced his trial. Finding no error, we affirm.

Scheigert contends that his confession to federal agents was involuntary because he suffered from a mental defect and chronic drug addiction and alcoholism. He contends that the trial court erred because it did not hold a full hearing,[1] as required by *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), in order to determine the voluntariness of his confession. Instead, the trial court, in determining that Scheigert was mentally competent and that his confession was voluntary, relied in part upon the written report of a government psychiatrist. We agree that a defendant has a constitutional right to a fair hearing and an independent and reliable determination of voluntariness before his confession is allowed to be heard by the guilt determining jury. However, "appellant is not entitled to this remedy unless he can show 'that his version of events, if true, would require the conclusion that his confession was involuntary;' *i.e.*, he must allege *facts* which would, if proven true, indicate the involuntariness of his confession." *United States v. Davidson*, 768 F.2d 1266, 1270 (11th Cir.1985) (quoting *Procunier v. Atchley*, 400 U.S. 446, 451, 91 S.Ct. 485, 488, 27 L.Ed.2d 524 (1971)) (emphasis in original).

■ Here it is plain that Scheigert has alleged no facts which would indicate the involuntariness of his confession. We may assume, for purposes of this decision, that Scheigert was in fact mentally impaired and his confession was the product of that defect and his drug addiction and alcoholism. However, as the Supreme Court has recently concluded, "coercive police activity is a necessary predicate to finding that a confession is not 'voluntary.' " *See Colorado v. Connelly*, —— U.S. ——, ——, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986). In *Connelly*, the Court determined that a confession made in response to instructions from the "voice of God" was not involuntary. It reasoned that "[a]bsent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law." *Id.* at ——, 107 S.Ct. at 520. Consequently, in the absence of coercive police activity, the mental defect and substance dependency of which Scheigert complains cannot render his confession involuntary. It follows, *a fortiori*, that Scheigert was not entitled to a *Jackson v. Denno* hearing.

■ Scheigert also contends that the trial court erred in allowing the government to call as a rebuttal witness his codefendant Radosevic. Such decisions may only be reversed if they constitute an abuse of discretion. *United States v. Melton*, 739 F.2d 576 (11th Cir.1984). No such abuse occurred. Much of defendant's case turned upon his contention that he was incapable of forming the intent to commit the criminal acts of which he was accused. In rebuttal, Radosevic testified that the defendant had not been drinking excessively and that the defendant was fully aware of what was occurring at the time of the sale.

---

1. The trial court did hold a hearing. However, the hearing was adjourned; Scheigert was thereafter examined by a government psychiatrist and the court relied on the government psychiatrist's written report rather than reconvening the suppression hearing to permit cross-examination by Scheigert. Because Scheigert's challenge to the voluntariness of the confession depended solely on his alleged drug addiction and alcoholism, and did not implicate police coercion in any way, he was not entitled to a hearing at all, for the reasons explained in the text. Thus, the trial court's failure to reconvene the hearing was not error.

Similarly, the introduction of testimony regarding defendant's use of cocaine was not error. Defendant opened the door to this testimony by suggesting that his addiction to cocaine may have impaired his ability to comprehend the legality of his acts. The prosecution was entitled to examine the extent of Scheigert's cocaine use. Moreover, Scheigert's debt to Radosevic, which debt resulted from cocaine purchases, provided part of the incentive for concluding the machinegun sale at issue. One quarter of the profits from that sale were earmarked to pay Scheigert's debts. Hence, it is clear that the prosecutor's investigation of Scheigert's cocaine habits was relevant to issues at trial.

Scheigert's other claims of error have no merit and warrant no discussion. For the foregoing reasons, appellant Scheigert's conviction and sentence are

AFFIRMED.