No. 87–148. LINDSEY *v.* UNITED STATES. C. A. 6th Cir. Certiorari denied. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

The issue here is whether a defendant's rights under the Due Process and Confrontation Clauses are violated when the Government forces a witness to take the stand solely to invoke his privilege against self-incrimination in front of the jury even though the Government already knew that the witness would refuse to testify. In this case, petitioner was convicted of mail fraud. At the trial, the Government called as a witness an unindicted co-conspirator who was alleged to have engaged in the same kind of conduct for which petitioner was indicted. The witness' attorney informed the prosecutor and the court that his client would invoke the privilege if he were called to testify, and the witness did invoke the privilege when he was called outside the presence of the jury. When the jury returned, the prosecution called the witness and he was permitted to testify after the trial court overruled petitioner's objection. Once again, after stating his name and place of residence, the witness invoked the Fifth Amendment privilege and refused to testify in response to five different questions. On appeal, a panel of the Sixth Circuit noted that this practice is "'so imbued with the "potential for unfair prejudice" that a trial judge should closely scrutinize any such request.'" *United States* v. *Lewis*, Nos. 86–5377 and 86–5379 (Apr. 17, 1987), App. to Pet. for Cert. 9a (quoting *United States* v. *Vandetti*, 623 F. 2d 1144, 1147 (CA6 1980)). Nonetheless, it held that the trial court did not commit reversible error when it permitted the witness to testify and gave a cautionary instruction to the jury not to consider the witness' actions as bearing on the guilt or innocence of any of the defendants. *Ibid.* The position of the Sixth Circuit, which is

consistent with that of a number of the Circuits, conflicts with the position of at least two other Circuits. *United States* v. *King*, 461 F. 2d 53, 57, and n. 4 (CA8 1972) (calling a witness in these circumstances, where no useful purpose would be served, was error notwithstanding that a curative instruction was given); *United States* v. *Roselli*, 432 F. 2d 879 (CA9 1970) (disapproving the calling of a witness before the jury after he has indicated that he will decline to testify, though the error did not prejudice the defendant where it was a momentary episode in a 6-month trial), cert. denied, 401 U. S. 924 (1971). See also *United States* v. *Ritz*, 548 F. 2d 510 (CA5 1977). The split among the Circuits on this issue warrants our granting certiorari.