*669
 
 VANCE, Circuit Judge:
 

 A jury in the Circuit Court of Mobile County, Alabama found petitioner Cornelius Singleton guilty of first degree murder and robbery, and sentenced him to death. In this habeas proceeding, petitioner contends that he was denied his constitutional right to effective assistance of counsel; that the trial court did not consider his low level of intelligence when it determined that his confession was voluntary; and that the insufficiency of Alabama’s coram nobis procedure for collateral attacks denied him due process. The district court denied federal habeas relief. We affirm.
 

 I.
 

 On November 12,1977 Sister Ann Hogan was killed in a cemetery in Mobile, Alabama.
 
 [1]
 
 Singleton was arrested for the murder of Sister Ann approximately one week after the incident and he confessed to the crime while in police custody.
 

 Although his first conviction was reversed and remanded for a new trial,
 
 [2]
 
 Singleton was convicted again and sentenced to death at a second trial. On direct appeal, the Alabama Court of Criminal Appeals affirmed the conviction, but ordered a new sentencing hearing to determine whether the court erred in finding, as an aggravating circumstance, that the crime was committed while petitioner was under sentence of imprisonment.
 
 Singleton v. State,
 
 465 So.2d 432, 438 (Ala.Cr.App.1983). After the sentencing hearing, he was again sentenced to death. The Court of Criminal Appeals and the Alabama Supreme Court affirmed both the conviction and the death sentence.
 
 See Ex parte Singleton,
 
 465 So.2d 443 (Ala.1985).
 

 Singleton’s two petitions for post-conviction relief under Alabama’s coram nobis procedure were denied by the trial court. The first coram nobis petition was dismissed after the parties filed a joint motion to dismiss. After failing to file a timely appeal from the denial of his second coram nobis petition, Singleton’s application for an out-of-time appeal was also denied. Singleton then filed a petition for federal ha-beas corpus relief and a petition for an evidentiary hearing in the United States District Court for the Southern District of Alabama. The district court denied the writ and the application for an evidentiary hearing.
 

 II.
 

 Singleton claims that he was denied his constitutional right to effective assistance of counsel because his trial counsel failed to go to Singleton’s neighborhood to search for possible mitigating evidence pri- or to sentencing. He argues that trial counsel relied on the “untrained and unskilled family” in making this decision. This claim of ineffective assistance of counsel must be analyzed under the two-prong test articulated in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on this claim a petitioner must show that: (1) counsel’s performance was deficient because it was outside the range of reasonable professional conduct, and (2) this deficiency had a prejudicial effect on his conviction or sentence.
 
 Id.
 
 at 687, 104 S.Ct. at 2064.
 

 Singleton has failed to satisfy the first prong of the
 
 Strickland
 
 test for ineffective assistance of counsel. Defense counsel has a duty to investigate for possible mitigating evidence, but this duty only requires a reasonable investigation.
 
 See Burger v. Kemp,
 
 — U.S. -, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638 (1987);
 
 Lightbourne v. Dugger,
 
 829 F.2d 1012, 1025 (11th Cir.1987);
 
 Thompson v. Wainwright,
 
 787 F.2d 1447, 1450 (11th Cir.1986),
 
 cert. denied,
 
 — U.S. -, 107 S.Ct. 1986, 95 L.Ed.2d 825 (1987). In determining whether trial counsel’s conduct is reasonable, the
 
 *670
 
 court must apply a “heavy measure of deference to counsel’s judgments.”
 
 Strickland,
 
 446 U.S. at 691, 104 S.Ct. at 2066. Applying this standard we hold that counsel’s investigation did not fall below the objective standard of reasonableness under prevailing professional norms. Singleton’s lawyer made an effort to investigate possible sources of mitigation evidence. The record indicates that trial counsel asked Singleton’s mother and girlfriend to identify individuals who could testify on behalf of Singleton, but they could not name anyone. Counsel also knew from the presen-tence report in the first trial that Singleton had a bad reputation and a reputation for violence in his community. While Singleton asserts that trial counsel failed to investigate adequately for other mitigation evidence, he has not made a proffer of the type of mitigating evidence which would have been found had trial counsel conducted an investigation in the neighborhood.
 

 Singleton also has failed to prove that the alleged deficient investigation had a prejudicial effect on his sentence. The record reveals that during the sentencing hearing trial counsel called Singleton’s mother to testify and introduced records from Searcy Hospital which contained three separate mental evaluations of Singleton.
 
 [3]
 
 Trial counsel noted to the court that the evaluations contained in the hospital records comported with the findings of Dr. Claude Brown from his examination of Singleton just prior to the second trial. Because Singleton did not offer affidavits or otherwise advise the district court of any mitigating circumstances which would have had a reasonable probability of undermining the outcome reached by the court,
 
 see Strickland,
 
 466 U.S. at 694, 104 S.Ct. at 2068, we conclude that Singleton has not demonstrated that the claimed error resulted in any prejudice. The district court therefore properly held that Singleton was not denied effective assistance of counsel.
 

 III.
 

 Singleton also claims that the district court erroneously denied his request for an evidentiary hearing to consider the volun-tariness of his confession. Singleton points out that evidence of his mental state was not presented to the trial court before the court ruled that the confession was voluntary. Both the state trial court, on a motion to suppress the confession, and the federal district court, in the habeas proceeding, found that based on the surrounding circumstances Singleton’s confession was voluntary. Based on the state court findings and an independent review of the record, the district court found that Singleton was in police custody for approximately two and a half hours before making an oral statement confessing to the murder. Prior to questioning, Singleton was read his
 
 Miranda
 
 rights. The questioning was interrupted by a fifteen to thirty minute private conversation between Singleton and his girlfriend. After this private conversation, Singleton indicated that he wanted to make a statement. Before his statement Singleton was again advised of his rights and he signed a waiver form acknowledging that he understood his rights. The district court also found that the written statement was read to Singleton before he signed it. Singleton does not contend that any of the facts surrounding the confession make it involuntary. He only contends that the state court did not consider evidence of his low intelligence, reading and comprehension levels in its determination that the confession was voluntary.
 

 A confession by a defendant will be deemed voluntary if the defendant makes “an independent and informed choice of his own free will, possessing the capability to do so, his will not being overborne by the pressures and circumstances swirling around him.”
 
 Jurek v. Estelle,
 
 623 F.2d 929, 937 (5th Cir.1980) (in banc). The low intelligence of a defendant will not in itself render a confession involuntary.
 
 See Colorado v. Connelly,
 
 479 U.S. 157, 107 S.Ct.
 
 *671
 
 515, 523-24, 93 L.Ed.2d 473 (1986);
 
 Dunkins v. Thigpen,
 
 No. 87-7529, 847 F.2d 664, 667 (11th Cir.1988). Rather, “coercive police activity is a necessary predicate” to a finding that the confession by a person with a low intelligence level is involuntary.
 
 Connelly,
 
 107 S.Ct. at 522;
 
 see United States v. Scheigert,
 
 809 F.2d 1532, 1533 (11th Cir.1987). Singleton cites to mental state evidence which he contends is necessary to the court’s inquiry into the volun-tariness of the confession. Absent an allegation of coercive police tactics to obtain the statement, however, the confession will not be deemed involuntary.
 
 See Connelly,
 
 107 S.Ct. at 522;
 
 Bell v. Lynaugh,
 
 828 F.2d 1085, 1092 (5th Cir.),
 
 cert. denied,
 
 — U.S. -, 108 S.Ct. 310, 98 L.Ed.2d 268 (1987).
 

 Although the district court properly denied Singleton’s request for an evidentiary hearing, the court nevertheless did consider the evidence of Singleton’s mental limitation, because it was already included in the record. Noting that the petitioner in a habeas proceeding has the burden of proving involuntariness,
 
 see Martin v. Wainwright,
 
 770 F.2d 918, 925 (11th Cir.1985),
 
 cert. denied,
 
 — U.S. -, 107 S.Ct. 307, 93 L.Ed.2d 281 (1986), the district court ruled that the “isolated fact of petitioner’s low IQ ... cannot tip the scales in his favor.” In light of these alternative rulings by the district court, we affirm the district court’s denial of the writ on this claim.
 

 IV.
 

 For the foregoing reasons,
 
 [4]
 
 the judgment of the district court denying the petition for the writ of habeas corpus is
 

 AFFIRMED.
 

 [1]
 

 . A detailed statement of the facts is set out in the opinions of the Alabama appellate courts.
 
 See Singleton
 
 v.
 
 State,
 
 465 So.2d 432 (Ala.Cr. App.1983),
 
 aff'd,
 
 465 So.2d 443 (Ala.1985).
 

 [2]
 

 . Petitioner’s first conviction was reversed and remanded on authority of
 
 Beck
 
 v.
 
 Alabama,
 
 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and
 
 Ritter
 
 v.
 
 State,
 
 403 So.2d 154 (Ala.1981).
 
 See Singleton
 
 v.
 
 State,
 
 406 So.2d 1024 (Ala.Cr. App.1981).
 

 [3]
 

 . The parties submitted three depositions to the state court for its consideration of the second coram nobis petition. The state court found that the Searcy records, containing a detailed evaluation of Singleton’s mental state from 1973 until the 1981 retrial, were considered by the jury and the court before sentencing.
 

 [4]
 

 . Singleton also contends that the error coram nobis procedure, the avenue for collateral relief under Alabama law, does not adequately protect the constitutional due process rights of capital defendants. We reject this contention. States have no obligation to provide an avenue for collateral relief.
 
 See Pennsylvania v. Finley,
 
 — U.S. -, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987);
 
 United States
 
 v.
 
 MacCollom,
 
 426 U.S. 317, 323, 96 S.Ct. 2086, 2090, 48 L.Ed.2d 666 (1976) (plurality opinion). Even if this claim were of constitutional significance, it would be procedurally barred because Singleton failed to raise it in the coram nobis proceeding. In any event, Singleton was not denied an opportunity to have the district court consider any of his claims.