**Walter BELL, Jr.**

v.

**James A. LYNAUGH, Director, Texas Department of Corrections.**

**Civ. A. No. B–88–969–CA.**

United States District Court, E.D. Texas, Beaumont Division.

Oct. 12, 1988.

---

Edward M. Chikofsky, New York City, Eden Harrington, Austin, Tex., for petitioner.

Robert S. Walt, Asst. Atty. Gen., Austin, Tex., for respondent.

## OPINION

HALL, District Judge.

This is an action brought under 28 U.S.C. § 2254. Before the Court are Petitioner Walter Bell, Jr.'s Motion for Stay of Execution and Petition for Writ of Habeas Corpus, and Respondent James Lynaugh's Answer, Motion to Dismiss for Abuse of Writ, Motion for Summary Judgment and Supporting Brief, and Opposition to Application for Stay of Execution.

Bell was convicted of the murder of Ferd Chisum in March of 1982. The Texas Court of Criminal Appeals affirmed the conviction. *Bell v. State,* 724 S.W.2d 780 (Tex.Crim.App.1986), *cert. denied,* 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860 (1987). Bell was scheduled to be executed on March 25, 1987, and on March 4, 1987, he filed a writ of habeas corpus in the state trial court. The writ and application for stay were denied by the Texas Court of Criminal Appeals. *Ex parte Bell,* No. 10,- 898–02 (Tex.Crim.App. March 16, 1987). Bell then filed a habeas corpus action in this court, and execution was stayed on March 23, 1987, pending review of Bell's petition. On June 3, 1987, this court denied Bell's petition and dissolved the stay of execution, *Bell v. Lynbaugh,* 663 F.Supp. 405 (E.D.Tex.1987), and the denial was affirmed on appeal, *Bell v. Lynaugh,* 828 F.2d 1085 (5th Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 310, 98 L.Ed.2d 268 (1987). On October 8, 1987, the Criminal District Court of Jefferson County, Texas, denied a second petition for habeas corpus relief, but on October 12 the Texas Court of Criminal Appeals stayed execution in view of the United States Supreme Court's grant of certiorari in *Franklin v. Lynaugh,* — U.S. ——, 108 S.Ct. 221, 98 L.Ed.2d 180 (1988). The Supreme Court rendered its decision in *Franklin* on June 22, 1988, denying the petitioner in that case habeas corpus relief. *Franklin v. Lynaugh,* — U.S. ——, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988). On June 27, 1988, the Texas Court of Criminal Appeals denied Bell's second petition, and after some rescheduling the criminal district court ordered Bell to be executed on October 14, 1988.

On October 7, 1988, Bell filed a Motion for Stay of Execution and Reapplication and Reargument for Post–Conviction Habeas Corpus Relief in the Texas Court of

Criminal Appeals. Simultaneously with the filing in the Texas court Bell transmitted the identical papers to this Court. On October 11, 1988, the Court of Criminal Appeals dismissed the Motion for Reconsideration and denied the Motion to Stay. The motions were filed with this Court on October 12, 1988.

Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides as follows:

> **Successive petitions.** A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

*See also* 28 U.S.C. § 2244. Before a court determines that a petitioner has abused the writ, the petitioner is ordinarily afforded ten days in which to explain the failure to raise the new grounds in the prior petition. *Urdy v. McCotter*, 773 F.2d 652, 656 (5th Cir.1985). This requirement, though strict, is not binding in every circumstance. After careful consideration of Bell's petition and the record in this case, the Court is of the opinion that the petition before the Court constitutes an abuse of the writ.

The Chief Judge of the Eastern District of Texas entered General Order 87–11 Concerning Petitions to Stay Execution of State Court Judgments on July 23, 1987. The General Order requires that a petition to stay execution state whether or not the same plaintiff has previously sought relief arising out of the same matter from the same court, and informs the petitioner that a second or successive petition for habeas corpus may be dismissed if the failure to assert the new grounds in a prior petition constitutes abuse of the writ. The General Order therefore puts the petitioner on notice that his second petition is subject to dismissal for abuse of the writ, and the petitioner is expected to include a "Rule 9(b) response" at the time he submits his second petition.

Bell has wholly failed to provide any explanation for his failure to raise in the prior proceeding either of the two claims he now presents. The issue of Bell's mental impairment was the subject of much of the testimony in the prior proceeding, and Bell's attempted eleventh hour re-fashioning of claims based on mental impairment will not stand without so much as the slightest reason for the omission.

In 1984 the Supreme Court granted *per curiam* an application to vacate a stay of execution. *Woodard v. Hutchins*, 464 U.S. 377, 104 S.Ct. 752, 78 L.Ed.2d 541 (1984). In a concurring opinion joined by four other justices, Justice Powell commented as follows:

> This is another capital case in which a last-minute application for a stay of execution and a new petition for habeas corpus relief have been filed with no explanation as to why the claims were not raised earlier or why they were not all raised in one petition. It is another example of abuse of the writ.

> \* \* \* \* \* \*

> A pattern seems to be developing in capital cases of multiple review in which claims that could have been presented years ago are brought forward—often in a piecemeal fashion—only after the execution date is set or becomes imminent. Federal courts should not continue to tolerate—even in capital cases—this type of abuse of the writ of habeas corpus.

*Id.* at 377, 378, 380, 104 S.Ct. at 752–54 (Powell, J., concurring) (footnotes omitted).

[1] This Court finds the remarks of Justice Powell particularly appropriate in this case. Bell bases his petition on the Supreme Court's grant of certiorari in *Penry v. Lynaugh*, —— U.S. ——, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988), but waited more than three months before attempting to seek relief from the Texas Court of Criminal Appeals. Bell's counsel certainly anticipated the possibility that it would be necessary for four courts to pass on the petition in a mere six days, and his apparent attempt to constrain the time for review so

as to compel a stay amounts to an abuse of the writ which this Court will not tolerate.

■ Although this Court rests its decision squarely and solely on abuse of the writ, it is useful to remark on Bell's chief challenge in this proceeding, i.e., the constitutionality of Article 37.071 of the Texas Code of Criminal Procedure. It is clear that Bell would be procedurally barred from arguing that the Texas capital sentencing scheme unconstitutionally prevents a jury from adequately considering mitigating circumstances in view of Bell's failure to object to the sentencing charge. *See Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977). At the hearing for the prior proceeding before this Court, Bell's trial attorney testified concerning his representation during the sentencing phase. *See Bell,* 663 F.Supp. at 422–24. The testimony clearly establishes that Bell's attorney appreciated the ambiguous nature of the proposed psychiatric testimony and the danger that testimony of mental impairment might persuade the jury that Bell posed a future danger to society. In addition, at the trial itself Bell's mother testified as to her son's diminished mental capacity. Given the testimony of diminished capacity and counsel's admitted appreciation of that testimony's impact with respect to the second special issue, the failure to object to the charge cannot constitute cause for the procedural default.

■ Further, even if Bell escaped the procedural bar, his claim would flatly fail on the merits. First, this Court is required to decide death penalty cases by application of controlling circuit precedent. Fifth Circuit precedent holds that the Article 37.071 is constitutional, *see Selvage v. Lynaugh,* 842 F.2d 89, 94 (5th Cir.1988), and cases cited therein, and the plurality opinion in *Franklin v. Lynaugh,* —— U.S. ——, 108 S.Ct. 2320, 2332, 101 L.Ed.2d 155 (1988), upholds the statute's constitutionality. Second, the Supreme Court has granted certiorari in *Penry v. Lynaugh,* —— U.S. ——, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988) in part on the question of whether a trial

court must, *upon proper request,* instruct a sentencing jury to consider all mitigating evidence. It should be noted that the petitioner in *Penry* made a specific objection to the jury charge based on the weight to be accorded mitigating circumstances. *Penry v. Lynaugh,* 832 F.2d 915, 920 (5th Cir. 1987). The record in the present case indicates that, not only was a proper request or objection not made at the sentencing phase, but counsel made a deliberate, tactical decision to withhold the central evidence of mental impairment because that evidence was intrinsically more damning than mitigating. Accordingly, the Court does not believe that the forthcoming *Penry* decision will afford Bell a basis for relief.

It is impossible to review the acts committed by Bell and then follow the procedural history of this case without becoming disgusted at the manner in which capital crimes are treated under our justice system. This matter has been reviewed twelve times before a jury and innumerable judges. The court system has been used and abused by the filing of meritless appeals on behalf of this Petitioner. At every step of the way the courts have taken every measure to protect the interests of this Petitioner. Fourteen years have passed since the crime was committed, and the Court believes it is time that the review process be terminated.

■ It is anticipated that Bell will file a Notice of Appeal in this action. This Court shall treat the Notice of Appeal as a request to issue a Certificate of Probable Cause for Appeal, *see* Fed.R.App.P. 22(b). General Order 87–11 of the Eastern District of Texas requires the Court to grant a stay of execution if a Certificate of Probable Cause is issued. In determining whether to issue a Certificate of Probable Cause and grant a stay of execution, the Court follows the requirements set forth in *Brogdon v. Butler,* 824 F.2d 338, 340 (5th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 13, 97 L.Ed.2d 802 (1987), and the cases cited therein:

In general, a court, in deciding whether to issue a stay, must consider: (1) wheth-

er the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest. [footnotes omitted] In a capital case, "while the movant need not always show the probability of success on the merits, he must present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities (i.e. the other three factors) weighs heavily in favor of granting the stay." *O'Bryan v. McKaskle*, 729 F.2d 991, 993 (5th Cir.1984) (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir.1982)).

Because the Court finds that Bell has abused the writ under Rule 9(b), the Court concludes that Bell has not presented "a substantial case on the merits." The Court further concludes that by virtue of the abuse, Bell has not made a "substantial showing of the denial of a federal right" nor shown "the presence of substantial grounds upon which relief might be granted" as required under *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 3394, 3396, 77 L.Ed.2d 1090 (1983). The Court will therefore deny Bell's Motion to Stay and deny issuance of a Certificate of Probable Cause.

For the reasons set forth above, the Court is of the opinion that the Petition for Writ of Habeas Corpus should be denied, that the Motion to Dismiss for Abuse of the Writ should be granted, that the Motion for Stay of Execution should be denied, and that the request for issuance of a Certificate of Probable Cause should be denied.

### JUDGMENT

Came on for consideration Petitioner WALTER BELL, JR.'S Motion for Stay of Execution and Memorandum Support, and Petition for Writ of Habeas Corpus, and Respondent JAMES A. LYNAUGH'S Answer, Motion to Dismiss for Abuse of the Writ, Motion for Summary Judgment and Supporting Brief, and Opposition to Application for Stay of Execution, and for the reasons set forth in the Opinion accompanying this Judgment, it is

ORDERED, ADJUDGED, and DECREED that the Petition for Writ of Habeas Corpus be DENIED.

It is further ORDERED that the Motion to Dismiss for Abuse of the Writ be GRANTED.

It is further ORDERED that the Motion for Stay of Execution be DENIED.

It is further ORDERED that the Request for Issuance of a Certificate of Probable Cause be DENIED.