871 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommy Lynn HURST, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-5924.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and JOHN D. HOLSCHUH, District Judge.*
 
 ORDER
 
 2
 Hurst, a pro se federal prisoner, requests the appointment of counsel and appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hurst was convicted, by a jury, of kidnapping and use of a firearm to commit a felony; he was sentenced to thirteen years on the kidnapping charge with a consecutive five year sentence imposed on the firearm charge, for a total of eighteen years imprisonment. His conviction was affirmed by this court on direct appeal by an unpublished per curiam order. See United States v. Hurst, Case No. 86-5278 (6th Cir. Jan. 5, 1987). In this motion, Hurst argued that his confessions were involuntary because his mental retardation prevented him from "choosing among the various legal defenses," and that "he had to rely on an attorney for those choices." Essentially, petitioner argued that his mental deficiency prevented him from effectively waiving his constitutional rights to counsel and against self-incrimination. The magistrate recommended the motion be denied finding that the issue of whether his confessions were voluntary could not be relitigated in a Sec. 2255 proceeding because the issue was decided adversely to him on direct appeal. The district court adopted the magistrate's recommendation over petitioner's objections.
 
 
 4
 Upon review, we affirm the district court's judgment. We have examined the appellate brief submitted by Hurst's counsel on direct appeal and have compared the issue presented there to the issue raised in this Sec. 2255 proceeding. Both issues focus upon how petitioner's mental retardation may have affected his ability to waive his constitutional rights and voluntarily confess. Hurst's attempt in this motion to differentiate the two claims is merely an exercise in legal semantics. Consequently, we conclude that Hurst can not relitigate the voluntariness issue in this Sec. 2255 proceeding because the issue was decided adversely to him on direct appeal and he has not alleged an intervening change in the law since his direct appeal. See Davis v. United States, 417 U.S. 333, 341-42 (1974); United States v. Natelli, 553 F.2d 5, 7 (2d Cir.) (per curiam), cert. denied, 434 U.S. 819 (1977).
 
 
 5
 Lastly, even if the issues are different, the district court's judgment can be affirmed because the admission into evidence of Hurst's confessions was proper under the circumstances. See Milton v. Wainwright, 407 U.S. 371, 372-73 (1972); Singleton v. Thigpen, 847 F.2d 668, 760-71 (11th Cir.1988); United States v. Murphy, 763 F.2d 202, 205-06 (6th Cir.1985), cert. denied, 474 U.S. 1063 (1986).
 
 
 6
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Southern District of Ohio, sitting by designation