**Paul Glen CHAMBERS, Petitioner,**

v.

**R. I. MOSELEY, Warden, Respondent.**

**Civ. No. L–904.**

United States District Court
D. Kansas.

Dec. 11, 1969.

---

## MEMORANDUM AND ORDER

THEIS, District Judge.

There has been lodged with the Clerk of this Court a complaint for declaratory judgment and other relief, which this Court will treat as a petition for a writ of habeas corpus. Accompanying the pleading is an application in affidavit form for leave to proceed herein without prepayment of fees, i. e., in forma pauperis, as required by 28 U.S.C.A. § 1915. This Court, after examining the pleadings so lodged, makes the following findings and orders.

From the complaint it appears that the petitioner is in custody at the United States Penitentiary at Leavenworth, Kansas, by or under color of authority of the United States, pursuant to sentence imposed upon him on November 26, 1968 for violation of 18 U.S.C.A. § 2113(a), by the United States District Court for the Northern District of Texas, following a plea of guilty under the provisions

of Rule 20 of the Federal Rules of Criminal Procedure.

■ This Court notes the petitioner named the United States as the respondent in his pleading, which is not in compliance with Rule 25 of the Rules of Practice of the United States District Court for the District of Kansas. This Court, under the provisions of 28 U.S. C.A. § 2243, has named R. I. Moseley, Warden of the United States Penitentiary at Leavenworth, Kansas, as the respondent herein.

The petitioner's complaint is that Rule 20 of the Federal Rules of Criminal Procedure, as applied to him, is invalid and unconstitutional, and that the sentencing court was without jurisdiction to impose the sentence the petitioner is now serving. It appears that the petitioner has not appealed the judgment and sentence of the United States District Court for the Northern District of Texas, nor has he filed a motion seeking post-conviction relief.

The relief currently sought by the petitioner is a declaration that Rule 20 of the Federal Rules of Criminal Procedure is unconstitutional and that a three-judge court be convened to pass on this issue. The petitioner alleges that his incarceration is illegal for the reason that the sentencing court, where his plea of guilty was entered pursuant to Rule 20, was without jurisdiction, and that his case should have been processed in the Eastern District of Texas, where the offense was committed.

Rule 20(a), as amended February 28, 1966, effective July 1, 1966, which is applicable in this case, provides:

"A defendant arrested or held in a district other than that in which the indictment or information is pending against him may state in writing that he wishes to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested or is held, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is held and the prosecution shall continue in that district."

This rule is designed for the benefit of the defendant and requires that he initiate the transfer proceedings of the federal charges pending against him from the district which initiated the indictment or information to the district where he may have been apprehended. A defendant is further protected under the provisions of part (c) of the rule in that, if he so desires, he may rescind his action by entering a plea of not guilty after the transfer has been completed. To complete the transfer under the provisions of Rule 20 it must also be approved by the United States Attorneys in the transferring and transferee districts.

The watchword of Rule 20 is voluntariness on the part of a defendant. The voluntary attitude of the defendant is the basis for waiving his constitutional rights under the Sixth Amendment to "speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." These rights he may spurn if he so desires. His only basis for complaint might be he misunderstood these rights, and, if so, the sentencing court under a 2255 is the remedial court and the only court aware of the facts and circumstances of the defendant's actions at the time of conviction.

■ The issue of the constitutionality of Rule 20 has been passed on a number of times and in this circuit has been found to be constitutional. See Hilderbrand v. United States, 304 F.2d 716 (10 Cir. 1962). For this reason, a request to convene a three-judge court, under the provisions of 28 U.S.C.A. § 2282, is de-

nied. See Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

Hence, this Court has neither the authority nor the inclination to grant the relief requested by the petitioner, and his remedy, if any, is in the sentencing court under the provisions of 28 U.S.C.A. § 2255. See Davis v. Willingham, 415 F.2d 344, filed by the Court of Appeals for the Tenth Circuit on April 7, 1969. The petitioner's complaint fails to show that he has sought any post-conviction relief in the sentencing court and therefore there is no showing that his remedy is either inadequate or ineffective. The petitioner is therefore not entitled to a writ of habeas corpus, nor any of the relief sought, and an order to show cause should not be issued.

It is therefore ordered that leave to proceed herein without prepayment of fees is granted.

It is further ordered that the action so filed be, and the same is hereby, dismissed without prejudice.