UNITED STATES of America,
Plaintiff-Appellee,

v.

Billy Lee MITCHELL,
Defendant-Appellant.

No. 79–5555
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 25, 1980.

Richard B. Bergstresser, Miami, Fla. (Court-appointed), for defendant-appellant.

Lurana S. Snow, Asst. U. S. Atty., Fort Lauderdale, Fla., for plaintiff-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

GODBOLD, Circuit Judge:

Mitchell was arrested February 21, 1978, and given a preliminary hearing March 10, 1978. Fourteen and a half months after arrest Mitchell was indicted, with a codefendant, on multiple counts charging that he violated the National Firearms Registration & Transfer Act, by possessing, making and unlawfully transferring firearms (sawed off shotguns). In a bench trial, conducted July 25, 1979, the court acquitted Mitchell on several counts on the basis of entrapment, because in these incidents Mitchell had produced unaltered shotguns and government agents had directed him where to saw off the barrels. Mitchell was convicted of incidents in which he had altered the guns ahead of time and delivered them in their illegal form.

The sole issue on appeal is whether Mitchell's Sixth Amendment right to a speedy trial was violated. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The 15-month delay from arrest to indictment was sufficiently long to inquire into the other *Barker* factors. *U. S. v. Carter*, 603 F.2d 1204 (5th Cir. 1979).

The government contends that it was conducting further investigation, as demonstrated by the indictment of the codefendant.

Mitchell says that he raised the speedy trial issue at his preliminary hearing. The hearing has not been transcribed. Five days after he was indicted he filed a motion to dismiss for lack of speedy trial.

This case can be decided on the fourth prong of *Barker v. Wingo*, prejudice to the defendant. There was no oppressive pretrial incarceration, and Mitchell has not

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

contended that he was subjected to anxiety. His sole argument is that his defense was impaired. The major thrust concerns lapses of memory by Government Agent, and prosecution witness, Regentine. But her inability to recall details related to the occurrences for which Mitchell was acquitted. Mitchell also asserts that a material witness was unavailable, but this witness was not shown to have any relation to any incidents except the first, on which Mitchell was acquitted.

AFFIRMED.