Len Terry JACKSON, Plaintiff-Appellant,

v.

Ruben M. TORRES, George G. Killinger, Connie L. Jackson and Harry C. Green, Defendants-Appellees.

No. 83–1302
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1983.

Len Terry Jackson, pro se.

Barbara J. Lipscomb, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

*Facts*

Len Terry Jackson brought this section 1983 action seeking damages and a declaratory judgment that the procedures used by the Texas Board of Pardons and Paroles to revoke parole are unconstitutional. The district court dismissed Jackson's complaint. We vacate the district court's order of dismissal and remand.

Jackson, who is presently incarcerated in Huntsville, Texas, in the custody of the Texas Department of Corrections continues to serve a sixteen-year sentence for robbery by assault. In 1982 his parole was revoked on the basis of a robbery charge which had been dismissed.[1] Jackson filed a petition for a state writ of habeas corpus which was denied. Jackson then filed a federal habeas corpus petition which is still pending. Both his state and federal habeas corpus petitions alleged that he was denied a proper final parole revocation hearing.

In the instant section 1983 action Jackson purports to challenge the constitutionality of the parole revocation procedures used by the Texas Board of Pardons and Paroles. All of his specific allegations, however, concern his claim that he was never given a final and comprehensive revocation hearing. An on-site hearing was held and the hearing officer recommended revocation of Jackson's parole. Jackson states that he submitted a timely petition for rehearing which was denied. Jackson complains that he was not informed of his right to a subsequent, final hearing and was given no opportunity to make a written request for a final hearing.

The magistrate recommended that the instant action be dismissed without prejudice due to the pendency of Jackson's federal habeas corpus action.[2] The district court then dismissed Jackson's complaint.[3]

Although Jackson's claim is couched as a broad constitutional challenge to the parole revocation procedures of the Texas Board of Pardons and Paroles, his only allegation is that he was denied due process in the revocation of his own parole. His contention that he was neither given notice of his right to a final hearing nor a final hearing is in reality a challenge to the duration of his confinement. *See Staton v.*

---

1. The charge was dismissed on the grounds that Jackson's constitutional right to a speedy trial had been violated.

2. The magistrate found that Jackson had apparently exhausted his state habeas corpus remedies.

3. Although the magistrate recommended dismissal without prejudice, the court's order dismissed the case without specifying with or without prejudice. Such a dismissal operates as an adjudication on the merits. Fed.R.Civ.P. 41(b).

*Wainwright,* 665 F.2d 686, 687 (5th Cir. 1982) *cert. denied,* 456 U.S. 909, 102 S.Ct. 1757, 72 L.Ed.2d 166 (1982). The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under Section 1983. *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir.1979). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Id.* This Court has set out the following criterion:

> On our reading of *Wolff* and *Preiser*[4] we reject [the] argument that the propriety of § 1983 actions may be determined solely on the basis of the relief sought, *i.e.,* actions for money damages may go forward while actions for injunctive relief from incarceration may not. We conclude from the Supreme Court cases that habeas corpus is the exclusive initial cause of action where the basis of the claim goes to the constitutionality of the state court conviction.

*Fulford v. Klein,* 529 F.2d 377, 381 (5th Cir.1976), *adhered to en banc,* 550 F.2d 342 (5th Cir.1977). Indeed, in *Caldwell v. Line,* 679 F.2d 494, 496 (5th Cir.1982), this Court stated: "When a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under Section 1983."

This action brought by Jackson under Section 1983 should not proceed, therefore, until Jackson has exhausted his federal habeas corpus remedy.[5] The district court, however, dismissed Jackson's complaint without considering whether to hold his complaint in abeyance pending exhaustion of his federal habeas corpus remedy. We vacate the district court's order dismissing Jackson's complaint and remand for the court to consider whether in light of the applicable statute of limitations dismissal without prejudice or a stay of the Section 1983 action is preferable. *See Williams v. Dallas County Commissioners,* 689 F.2d 1212, 1215 (5th Cir.1982); *Richardson,* 651 F.2d at 375. Although Article 5535, Tex. Rev.Civ.Stat.Ann. (Vernon's Supp.1980) is applicable in prisoner civil rights cases brought in a Texas forum, the decision whether this provision tolls the appropriate statute of limitations under all of the relevant facts and circumstances of Jackson's case is a matter within the initial discretion of the district court. *See Williams,* 689 F.2d at 1216. On remand the district court is either to dismiss Jackson's Section 1983 complaint without prejudice or to stay his Section 1983 action pending the outcome of his federal habeas corpus proceeding.

Vacated and remanded for proceedings not inconsistent with this opinion.

VACATED AND REMANDED.

---

4.  *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

5.  In *Richardson v. Fleming,* 651 F.2d 366, 375 (5th Cir.1981), this Court stated:

> If [Richardson's] charges have been presented to the state courts of Texas and resolved,

and if Richardson has thereafter exhausted his federal habeas corpus remedies, then the district court may allow Richardson to proceed with his [§ 1983] cause of action.

> Once Richardson has exhausted his state and federal habeas corpus remedies, he may then proceed under § 1983 . . . .