Ramon Pedro HERNANDEZ,
Plaintiff-Appellant,

v.

David SPENCER, Detective Sergeant, et
al., Defendants-Appellees.

No. 85–1175

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 13, 1986.

Ramon Pedro Hernandez, pro se.

Duane Baker, El Paso, Tex., for defendants-appellees.

Before GEE, RANDALL, and DAVIS,
Circuit Judges.

GEE, Circuit Judge:

Appellant Hernandez, convicted of murder in state proceedings and awaiting execution, appeals from a trial court order staying his civil rights suit against policemen who arrested him for the murder "until such time as the courts have made ultimate disposition of plaintiff's sentence of death and the issues raised in connection with the state proceedings in which said sentence was imposed." His repetitious, forty-four page, handwritten complaint appears to assert that his arrest following the murder was illegal, that his residence was illegally searched, and that the defendants used unreasonable force and threats in connection with his arrest and consequent interrogation.

 While it is possible to distil various civil rights claims from certain expressions in Hernandez' rambling complaint, most of these are inextricably intertwined with his challenge to the fact of his conviction or the gravity of his sentence. Such challenges, however labelled, are properly treated as habeas corpus matter. *Jackson v. Torres,* 720 F.2d 877 (5th Cir.1983). As we noted in *Torres,*

> The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Id.* [*Johnson v. Har-*

*dy,* 601 F.2d 172 (5th Cir.1979) ] This Court has set out the following criterion:

> On our reading of *Wolff* [*v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ] and *Preiser* [*v. Fleming,* 651 F.2d 366 (5th Cir.1981) ] we reject the argument that the propriety of 1983 actions may be determined solely on the basis of the relief sought, i.e., actions for money damages may go forward while actions for injunctive relief from incarceration may not. We conclude from the Supreme Court cases that habeas corpus is *the exclusive initial cause of action* where the basis of the claim goes to the constitutionality of the state court conviction. *Fulford v. Klein,* 529 F.2d 377, 381 (5th Cir.1976) *adhered to en banc,* 550 F.2d 342 (5th Cir.1977). Indeed, in *Caldwell v. Line,* 679 F.2d 494, 496 (5th Cir.1982), this Court stated: "When a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under Section 1983."

720 F.2d at 879 (footnote omitted, emphasis added). Thus where factual allegations of a complaint could give rise either to habeas relief or to civil rights remedies, it is settled that the former must be first pursued to a conclusion and that the requirement of exhaustion cannot be evaded by casting the complaint in civil rights form.

Indeed, our authorities make clear that, as to such factual claims bearing a potential for dual remedies, not only state habeas remedies but federal ones as well must be exhausted before a Section 1983 action based upon them may proceed. *Torres, supra* at 879; *Richardson v. Fleming,* 651 F.2d 366, 375 (5th Cir.1981). In Texas, at any rate, problems of limitations do not arise as to such claims as Hernandez's because of the application to them of the Texas tolling statute. *Miller v. Smith,* 625 F.2d 43 (5th Cir.1980) (on rehearing). Thus even had the trial court dismissed them, rather than merely holding them in abeyance as it did, limitations would not have run upon them.[1]

■ One of the claims deducible from Hernandez's pleading, however, is of a different kind: that for the use of unreasonable force in connection with and following his arrest. We have held that such a claim does not go to the underlying validity of his state conviction and that consequently exhaustion of state remedies as to it is not required. *Delaney v. Giarrusso,* 633 F.2d 1126 (5th Cir.1981).

In *Delaney,* we were presented with two claims, both cast in Section 1983 form. As in today's case, one was a claim for illegal arrest, the other for use of excessive force in connection with it. The trial court decided each claim on the merits. We vacated the court's judgment on the former claim, noting that it was properly to be viewed as a habeas one requiring exhaustion, and remanded for a determination of whether it had been exhausted or not and for further appropriate proceedings in light of the determination. The second being properly brought as a civil rights claim, we affirmed the trial court's disposition of it. Had the trial court followed a similar course in handling today's case—severing the excessive

---

1. One may well question, as did our panel in its original opinion in *Miller v. Smith,* 615 F.2d 1037 (5th Cir.1980), the rationality of tolling limitations upon such claims. As to imprisoned persons, the Texas tolling statute is a relic of the days when convicted felons were viewed as civilly dead and hence disabled from bringing suit. It is notorious that this is no longer the case and has not been for years; in 1976, for example, over 40% of the civil rights suits filed in Texas federal courts were prisoner cases. *Miller, supra,* at 1040. Texas has nevertheless failed to amend its tolling statute, Article 5535, Tex.Rev. Civ.Stat.Ann., in this respect; and Supreme Court authority mandates its literal application. *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

Thus in Texas state prisoners' claims, like old soldiers, never die; and meager judicial resources are expended year by year in furnishing fora for such exercises as entertaining the 178 pro se lawsuits filed by Albert H. Carter, a Texas prison inmate whose egregious career as an inveterate and devious litigant is detailed in *Carter v. Telectron, Inc.,* 452 F.Supp. 944 (S.D. Tex.1977).

force claim *sua sponte* and proceeding with the disposition of it, while holding the habeas-type claims in abeyance pending their exhaustion—we would have found no fault with its action.

Nor do we find fault with the course that the trial court did pursue. Presented with a confusing congeries of claims laid in one complaint, all arising from the same incident—some subject to exhaustion requirements and some not—the court determined to hold all in abeyance pending the qualification of each to proceed, so that all could be disposed of in one outing. Not only was this good judicial administration, but we perceive no obligation on the part of the busy trial judge to pick through such a mass of ambiguous matter, sorting out one type of claim from the other, and in effect acting as counsel for the pro se litigant in tailoring his claims, some for disposition, some for abeyance or dismissal. This was and is for the litigant, not the judge, to do; and it remains open to Hernandez to seek withdrawal of the excessive force claim and make it the subject of a separate complaint. Should he not do so, other things being equal, limitations will not run on it for the reasons we have stated; and it will be reached with the others in due course. Hernandez is the master of his pleadings and, subject to the requirements of Rule 11, Fed.R.Civ.P., may include in them whatever claims he wishes. The trial court is the master of its docket, however; and so long as Hernandez's pleading brigades together claims requiring exhaustion with claims not requiring it, the court may properly require that all be ready to proceed upon before it proceeds upon any.

AFFIRMED.