John Mark PAINTER

v.

John P. WHITLEY, etc., et al.

Civ. A. No. 87–5434.

United States District Court,
E.D. Louisiana.

June 15, 1988.

John Mark Painter, pro se.

Peter J. Giarrusso, Staff Atty., J. Marvin Montgomery, Asst. Atty. Gen., Louisiana Dept. of Justice, Baton Rouge, La., for defendants.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the Magistrate's Report and Recommendation. No written objections thereto have been filed. For the following reasons, the Court DISMISSES plaintiff's complaint for lack of subject matter jurisdiction.

### I.

This is a prisoner § 1983 case. Plaintiff alleges he received improper medical treatment in February to March or April 1987, while he was incarcerated at Hunt Correctional Center in St. Gabriel, Louisiana. He seeks monetary relief for compensatory and punitive damages under 42 U.S.C.

§ 1983 and demands a trial by jury. From the standardized complaint form plaintiff used, it appears that he is no longer incarcerated at the Hunt facility, but instead is incarcerated at the Work Training Facility/South in New Orleans. Named as defendants are John P. Whitley, who is the warden at the Hunt facility and is sued in both his official and individual capacities, and "99 John Doe Defendants." Defendant Whitley is the only defendant to have been served.

The Hunt facility is located in Iberville Parish, which is in the Middle District of Louisiana; defendant Whitley resides in the Middle District as well.

In lieu of filing an answer, defendant Whitley has moved for dismissal on three separate grounds: (1) improper venue under F.R.Civ.P. 12(b)(3) because defendant resides in, and the claim arose in, the Middle District of Louisiana; (2) lack of subject matter jurisdiction under F.R.Civ.P. 12(b)(1) because defendant enjoys eleventh amendment[1] immunity; and (3) failure to state a cause of action under F.R.Civ.P. 12(b)(6) because plaintiff states no more than a claim for negligence and/or vicarious liability.[2]

Pursuant to Local Rule 20.2(a), the matter was automatically referred to the assigned Magistrate.

## II.

The Magistrate has solely addressed defendant's first ground. She recommends that, in the interest of justice, the matter not be dismissed, but instead be transferred to the Middle District of Louisiana.[3] Were this ground the sole issue for defendant's motion, the Court would wholly concur in the Magistrate's Recommendation[4] and thus, in its broad discretion,[5] would transfer the matter under 28 U.S.C. § 1406(a) to cure the venue defect.[6]

But to quote Professors Wright, Miller, and Cooper: "A court may not order a transfer under § 1406(a) unless the court has jurisdiction over the subject matter of the action."[7] Because the Eleventh Amendment immunity defense is a subject matter jurisdiction defense[8] and because the defense applies to this action, the Court must dismiss plaintiff's complaint.

---

**1.** The eleventh amendment of the U.S. Constitution reads as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced, or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

**2.** Three times in the memorandum in support of the motion, counsel for defendant referred to the defendant as being Richard L. Stalder instead of John P. Whitley. Mr. Stalder is the warden of the Wade Correction Center, not of the Hunt facility. The error, however, is in no way substantive; the Court presumes that counsel used a form memorandum and merely overlooked the change of names.

**3.** As authority for the transfer, the Magistrate cites to 28 U.S.C. § 1404(a). The appropriate provision is, however, § 1406(a) (on transfers to cure defects in venue), and not § 1404(a) (on transfers for the convenience of parties and witnesses).

**4.** *See Jones v. Bales*, 58 F.R.D. 453, 458 (N.D.Ga. 1972) (the general venue provision in 28 U.S.C. § 1391(b) governs § 1983 claims), *aff'd per curiam on the opinion below*, 480 F.2d 805 (5th Cir.1973).

**5.** *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir.1987) (per curiam).

**6.** *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3827, at 268–70 & nn. 24 & 26 (2d ed. 1986).

Because the applicable one-year limitations period, *see Jones v. Orleans Parish School Board*, 679 F.2d 32, 35–36 (5th Cir.), *reh'g denied*, 688 F.2d 342, 344 (5th Cir.1982), *appeal dismissed and cert. denied*, 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983), would appear to bar a new action, the Court would be most reluctant to dismiss for improper venue. *See Dubin v. United States*, 380 F.2d 813 (5th Cir.1967) (affirming a transfer of venue, where the defendant would have been barred by the applicable statute of limitations if it had to bring a new suit).

**7.** Wright, Miller & Cooper, *supra* note 6, § 3827, at 262 & n. 5; *cf. Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1104 n. 5 (5th Cir. Unit A 1981).

**8.** *McDonald v. Board of Mississippi Levee Commissioners*, 832 F.2d 901, 906 (5th Cir.1987) (citing *Crane v. Texas*, 759 F.2d 412, 415 (5th Cir.), *cert. denied*, 474 U.S. 1020, 106 S.Ct. 570, 88 L.Ed.2d 555 (1985)).

The Fifth Circuit's recent comments in *Kahey v. Jones*,[9] which concerned a prisoner § 1983 claim against the warden of another prison facility within the Louisiana Department of Corrections, are wholly applicable:

The State of Louisiana contends that this case may be disposed of on eleventh amendment grounds, inasmuch as [the plaintiff]'s original complaint sought $350,000 from the [defendants] in their official capacity as Warden and Food Service Supervisor of the [prison]. In the ordinary case, we would agree that this lawsuit for retrospective damages, even though couched as one against the individual employees of the state, would as a practical matter result in a judgment payable from the state treasury. The eleventh amendment, however, bars such suit against a state official when "the state is the real, substantive party in interest." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). *See also Voisin's Oyster House v. Guidry*, 799 F.2d 183 (5th Cir.1986).[10]

Warden Whitley in the instant matter must be treated like Warden Jones in *Kahey* and enjoy eleventh amendment immunity from plaintiff's claims for "retroactive monetary relief." [11]

■ In *Kahey*, the Fifth Circuit noted that the plaintiff had also sought prospective injunctive relief; to this extent only, the court held that her complaint did not contravene the eleventh amendment.[12] The

issue before this Court, then, is whether plaintiff makes a proper prayer for more than monetary relief. In determining such, the Court must construe the pro se pleadings liberally.[13] Because plaintiff is no longer incarcerated at the Hunt facility, the Court cannot find plaintiff to have made a proper prayer for injunctive relief, for any injunctive prayer would be moot.[14]

■ In concluding, the Court adds that plaintiff does not make a *proper* claim against defendant in his individual capacity (as opposed to his official capacity). Section 1983 does not impose vicarious, or respondeat superior, liability on a prison warden.[15] If, as alleged here, the warden was not personally involved in the acts causing the alleged constitutional deprivation, then plaintiff must allege some other act by the warden that caused the violation.[16] The complaint, however, alleges no causal connection between any alleged constitutional deprivation and any action or inaction, beyond perhaps mere negligence, on the part of defendant. But it is now well established that mere negligence is insufficient to state a cause of action under § 1983.[17]

In sum, because plaintiff only states a claim for relief against defendant in his official capacity, the Court must dismiss his claim for lack of subject matter jurisdiction.

### III.

Accordingly, the Clerk of Court is hereby directed to enter judgment dismissing this

---

9. 836 F.2d 948 (5th Cir.1988).

10. *Id.* at 949.

11. *See Darlak v. Bobear*, 814 F.2d 1055, 1060–61 & nn. 6–7 (5th Cir.1987).

12. *Kahey*, 836 F.2d at 949 (citing *Edelman v. Jordan*, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974)).

13. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

14. *See Scott v. Jones*, 492 F.2d 130 (5th Cir.1974) (per curiam); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir.1984) (upon prisoner's transfer to another facility, his injunctive claim became

moot and he lacked standing to complain of any future mistreatment in the event he is convicted of another crime and again incarcerated at the original facility); *cf. Boag*, 454 U.S. at 364, 102 S.Ct. at 701, 70 L.Ed.2d at 553 (transfer of prisoner to another facility did not moot his *damage* claims).

15. *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir.1988); *see Barksdale v. King*, 699 F.2d 744, 746 (5th Cir.1983) (per curiam) (for Secretary of Louisiana Department of Corrections); *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir.1979) (for sheriff and for director of state prison system).

16. *Bigford*, 834 F.2d at 1220.

17. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

matter at plaintiff's costs for lack of subject matter jurisdiction.