James Edward **GREER**

v.

**ST. TAMMANY PARISH JAIL**, et al.

**Civ. A. No. 88–2809.**

United States District Court,
E.D. Louisiana.

Aug. 31, 1988.

James Edward Greer, pro se.

Walter Reed, Dist. Atty., David Dickson, Asst. Public Defender, 22nd Judicial Dist., for St. Tammany Parish Jail.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the Magistrate's Findings and Recommendation and on Greer's objections thereto. For the following reasons, the Court adopts in part and rejects in part the Magistrate's recommendation, sustains in part and overrules in part Greer's objections thereto, and rules as follows.

### I.

On July 18, 1988, plaintiff (James Edward Greer) filed *pro se* a complaint on the standardized "form to be used by a prisoner in filing a complaint under the Civil Rights Act, 42 U.S.C. 1983." Named as sole defendant is the St. Tammany Parish Jail.[1] Part IV of the form, Statement of Claim, reads in full as follows:

I have been [in] jail over 7 months awaiting trial.

They have withheld medication as punishment.

[I was] refused emergency treatment, after having been knocked out by another inmate. I was bleeding from two cuts on the back of my head, requested to see a doctor, [and] was told I would have to wait until the nurse came in the next day.

The warden stopped my medication for a skin disease saying the jail would not supply over-the-counter medication. It was two weeks before I was allowed to see a dermatologist who prescribed a prescription medication.

Part V of the form, Relief, reads in full as follows:

Grant a writ of habeas corpus.

Put a stop to the cruel and unusual punishments at St. Tammany Parish Jail.

On July 18, 1988, the Magistrate granted Greer's application to proceed *in forma pauperis.*

A week later, on July 25, 1988, prior to any answer being filed or other appearance by defendants being made, the Magistrate issued a Findings and Recommendation. Suggesting that the complaint "contains a mixed petition for habeas relief and civil rights relief," the Magistrate states that Greer "must first exhaust his habeas claims in the state courts." The Magistrate recommends that the entire matter be dismissed without prejudice.

Three days later, on July 28, 1988, Greer filed timely, verified objections to the Magistrate's Findings and Recommendation. The objections make no reference to the claim for improper medical attention, but expound in detail upon the habeas claim.

In his objections, Greer states the following: He has been in jail since about September 1987[2] and has not yet been tried for the crime of which he has been ac-

---

**1.** The Court presumes that plaintiff is also proceeding against the warden of the jail. *Chambers v. Mosley,* 306 F.Supp. 1102, 1103 (D.Kan.), *aff'd per curiam on opinion below,* 419 F.2d 833 (10th Cir.1969); *see* 28 U.S.C. § 2242; *cf. Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)) (pleadings by pro se prisoner are to be construed liberally). Accordingly, pursuant to 28 U.S.C. § 1915(c), the Clerk of Court is hereby directed to prepare, and the U.S. Marshal is hereby directed to serve, process on the warden forthwith.

**2.** Greer states that "April 6, 1988 [was] after 193 days in jail." September 26, 1987 was exactly 193 days before April 6, 1988.

cused.[3] Between October 7, 1987 and May 11, 1988, Greer wrote 17 letters to his assigned public defender but has not received one single written response. Among these was one dated April 6, 1988, wherein he asked his counsel to file a speedy trial motion under La.C.Cr.P. art. 701 in order to have him released from jail pending his criminal trial.

In his objections, Greer further stated the following: He saw his counsel in person on April 7, 1988,[4] April 11, 1988,[5] and May 16, 1988;[6] his counsel refused to file a speedy trial motion or otherwise to assist in Greer's criminal defense. By letter dated April 11, 1988, Greer asked the state court judge to fire his assigned counsel and to appoint other counsel for him. On April 19, 1988, Greer received from the Clerk of Court a certified letter stating that his "letter had been denied."

Finally, Greer states that the only telephone calls a prisoner in the St. Tammany Parish Jail is permitted to make are collect calls, but that the St. Tammany public defender's office does not accept collect calls.

Greer explains three reasons for his failure to exhaust his state court remedies for his habeas claim: (1) ignorance of the law, (2) inadequate counsel for his criminal defense, and (3) inadequate access to counsel for his criminal defense.

Nowhere does the record reveal whether Greer sought habeas relief from either of the applicable state appellate courts (namely, the Louisiana Supreme Court and the Louisiana Court of Appeal for the First Circuit). Nor it is even clear whether Greer or his counsel has specifically demanded of the state trial court a speedy trial.

## II.

■ The first task for the Court is to determine what claims Greer is actually making. As the Fifth Circuit has explained in *Jackson v. Torres*:[7]

> The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under Section 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor.[8]

The Court must conclude that Greer is pursuing two distinct claims, or causes of action: (1) a claim challenging the fact or duration of imprisonment (viz., a § 2241 claim for habeas relief from an alleged excessive detention before trial), and (2) a claim challenging the physical conditions of that imprisonment (viz., a § 1983 claim for improper medical attention).

---

3. The record does not reveal what crime Greer has been accused of committing. It appears, however, that Greer has been accused of a felony of some nature. *See* Objections at 2 ("[My attorney] then attempted to coerce me into pleading guilty and receiving 5 years hard labor.").

4. Concerning this visit, Greer writes the following: "April 7, 1988, I saw Mr. Dickson in the hallway of St. Tammany Parish Jail. I called to him, asking that he file a motion under art. 701; his response was: 'No way, I wouldn't waste my time.'"

5. Concerning this visit, Greer writes the following: "April 11, 1988, I was visited by Mr. David Dickson.... In the short visit, Mr. Dickson told me that the judge would not grant a writ of habeas corpus with charges like mine, and he refused to waste his and the court's time. He then attempted to coerce me into pleading guilty and receiving 5 yrs. hard labor. I refused, Mr. Dickson ended our visit."

6. Concerning this visit, Greer writes the following: "May 16, 1988, Mr. Dickson visited me in jail to inform me I could not fire him. I attempted to discuss my defense. Mr. Dickson defeated any suggestion I made by saying the judge wouldn't allow it or the D.A. would be ready for that. Mr. Dickson held up what looked like a photocopy (white on black) [and] told me [that] it was a motion for bond reduction, which had been denied, [and that] I may as well save everyone a lot of trouble and plead guilty [and that] if I didn't, I would be found guilty. Mr. Dickson then told me my conviction could not be overturned as [he] had a number of years as a criminal lawyer and did everything correctly. I told Mr. Dickson he was fired.

7. 720 F.2d 877 (5th Cir.1983) (per curiam).

8. *Id.* at 879 (citing *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.1979)).

Concluding that Greer's complaint is an impermissible "mixed petition"[9] by raising both habeas and non-habeas claims, the Magistrate recommends that Greer's entire complaint be dismissed, without prejudice to re-urge his two claims in this Court after he has exhausted his state court remedies on the habeas claim. Binding authority, however, rejects this analysis.

■ At times, a single complaint by a prisoner may raise both claims that should be properly treated initially as a habeas matter and claims that may be properly treated initially as a § 1983 matter.[10] In these cases, the Fifth Circuit has instructed the following:

> [I]n instances in which a petition combines claims that should be asserted [as an initial matter] in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be so separated, federal courts should do so, entertaining the § 1983 claims.[11]

In short, it is improper to dismiss an entire complaint on grounds of non-exhaustion merely because the complaint raises both habeas and non-habeas claims.

■ The two claims Greer makes are wholly independent. Unlike the § 1983 claims in the cases cited by the Magistrate,[12] Greer's claim for improper medical attention in no way turns on whether he is convicted or acquitted or on whether he is ultimately successful or unsuccessful on his habeas claim. Even if Greer is acquitted, he may still have a viable claim for monetary damages from the improper medical attention he allegedly received in jail.[13] Thus, whether or not plaintiff's habeas claim is ripe for federal review at this time, his § 1983 claim for improper medical attention is properly before this Court.

For these reasons, as to the claim for improper medical attention, the Court rejects the Magistrate's recommendation, sustains Greer's objections thereto, and holds that this claim should not be dis-

9. The Magistrate uses this phrase in a looser sense than the narrow sense for which the term of art is generally reserved. Generally, the phrase "mixed petition" refers to a federal habeas petition that raises claims some of which have satisfied the state-exhaustion requirement and others of which have not. *See, e.g., Williams v. Magio,* 727 F.2d 1387, 1389 (5th Cir.1984) (citing *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)).

10. *See Hernandez v. Spencer,* 780 F.2d 504, 505 (5th Cir.1986) (prisoner raised claims of illegal arrest, of illegal search, and of unreasonable force during the arrest; district court had to discretion to stay or to hear the unreasonable-force-during-arrest claim, but the illegal-arrest-and-search claims could not be heard until plaintiff had exhausted all state and federal habeas remedies); *Delaney v. Giarrusso,* 633 F.2d 1126 (5th Cir. Unit A 1981) (per curiam) (distinguishing illegal-arrest claim from excessive-force-during-arrest claim, both of which plaintiff brought under § 1983; former to be dismissed without prejudice for failure to exhaust state-court [and federal] habeas remedies, latter dismissed with prejudice); *Meadows v. Evans,* 529 F.2d 385, 386 (5th Cir.1976) (prisoner brought complaint under § 1983; held that his damage claims for deprivation of civil rights due to prison conditions may proceed forthwith, but his claims of involuntary plea due to prison conditions cannot proceed until he has exhausted his state [and federal] habeas claims), *adhered to en banc,* 550 F.2d 345 (5th Cir.), *cert.*

*denied,* 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977).

While these earlier Fifth Circuit cases appear to imply that prisoners with § 1983 claims challenging the fact of imprisonment need only exhaust state habeas remedies in order for a federal court to consider the merits of the § 1983 claim, *Hernandez* and other cases make it clear that federal habeas claims must be exhausted as well. *Hernandez,* 780 F.2d at 505 (citing *Jackson,* 720 F.2d at 879; *Richardson v. Fleming,* 651 F.2d 366, 375 (5th Cir.1981)).

11. *Serio v. Members of the Louisiana State Board of Pardons,* 821 F.2d 1112, 1119 (5th Cir.1987) (citing *Wolff v. McDonnell,* 418 U.S. 539, 554–55, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974)).

12. *Hernandez,* 780 F.2d 504 (claim of illegal arrest and search); *Battieste v. City of Baton Rouge,* 732 F.2d 439 (5th Cir.1984) (per curiam) (claim of illegal arrest); *Irving v. Thigpen,* 732 F.2d 1215 (5th Cir.1984) (per curiam) (claim of illegal denial of parole); *Jackson,* 720 F.2d 877 (claim of illegal revocation of parole).

13. While Greer's pro se complaint does not explicitly request monetary damages, this Court must construe the complaint liberally, *see* cases cited *supra* note 1, and presume him to be seeking monetary damages. *Cf. Painter v. Whitley,* 686 F.Supp. 150, 152 (E.D.La.1988).

missed for any alleged failure by Greer to exhaust his state habeas remedies. As to this claim, then, the Court hereby directs defendants to file an answer or other responsive pleading within 20 days of the entry of this order and hereby directs the Magistrate to proceed accordingly, with an evidentiary hearing if necessary or appropriate.[14]

## III.

Having retained in all events the claim for improper medical attention, the Court must separately address various issues concerning the habeas claim.

### A.

Where a prisoner in a state prison is not "in custody pursuant to the judgment of a state court" (in other words, where the prisoner has not yet been convicted by a state court), a habeas corpus petition by such a prisoner is properly brought not under 28 U.S.C. § 2254, but rather under 28 U.S.C. § 2241(c)(3).[15]

Greer's *pro se* complaint does not explicitly refer to 28 U.S.C. § 2241(c)(3); the sole statutory reference in his complaint is the pre-printed reference to 42 U.S.C. § 1983. Under these circumstances, however, the Court construes his habeas claim as seeking relief under 28 U.S.C. § 2241(c)(3).[16]

### B.

Being a "fundamental" right "incorporated" into the due process clause of the Fourteenth Amendment, the Sixth Amendment[17] guarantee to a speedy trial applies equally to criminal prosecutions brought in state courts.[18] The right attaches to an accused person upon arrest, indictment, or information, whichever occurs first.[19]

To determine whether the right has been violated, a court must undergo on an *ad hoc* basis the flexible[20] balancing test announced in *Barker v. Wingo*,[21] which iden-

---

**14.** By ruling as it does, the Court in no way suggests that an evidentiary hearing will necessarily be required in all events. Upon receiving an answer from defendants and a more detailed statement from Greer on his medical claim, it may become evident that this claim as alleged does not rise to the level necessary for an Eighth Amendment claim under § 1983. *Cf. Painter,* 686 F.Supp. at 152 (§ 1983 does not impose vicarious liability on prison wardens for monetary damages). Rather than address Greer's medical claim at this point, the Court directs the Magistrate to issue an appropriate order to Greer for a more definite statement before considering any Rule 12(b)(6)-type motion.

**15.** *Dickerson v. State of Louisiana,* 816 F.2d 220, 224 (5th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *see Fain v. Duff,* 488 F.2d 218, 223 (5th Cir.1973) (citing *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886)), *cert. denied,* 421 U.S. 999, 95 S.Ct. 2396, 44 L.Ed.2d 666 (1975).

**16.** *See Dickerson,* 816 F.2d at 224; *cf.* cases cited *supra* note 1 (on liberal construction of *pro se* prisoner pleadings).

**17.** The Sixth Amendment provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."

**18.** *Barker v. Wingo,* 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972); *see Klopfer v.* *North Carolina,* 386 U.S. 213, 223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967).

**19.** *United States v. Greer,* 655 F.2d 51, 52 (5th Cir. Unit A 1981); *United States v. Walters,* 591 F.2d 1195, 1200 (5th Cir.) (citing *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed. 2d 205 (1975) (per curiam)), *cert. denied,* 442 U.S. 945, 99 S.Ct. 2892, 61 L.Ed.2d 317 (1979); *see United States v. Gouveia,* 467 U.S. 180, 190, 104 S.Ct. 2292, 2298, 81 L.Ed.2d 146 (1984) (citing Supreme Court authorities); *Baker v. McCollan,* 443 U.S. 137, 144, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433 (1979).

Delays from the date of the alleged crime to the date of trial are solely addressed under a Fifth Amendment/Fourteenth Amendment due process analysis of prejudice. *United States v. Royals,* 777 F.2d 1089, 1090–91 (5th Cir.1985) (citing *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977); *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971)); *see Dickerson,* 816 F.2d at 228.

**20.** *United States v. Loud Hawk,* 474 U.S. 302, 312, 106 S.Ct. 648, 655, 88 L.Ed.2d 640 (1986).

**21.** 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *see also Loud Hawk,* 474 U.S. at 312–18, 106 S.Ct. at 655–57 (applying the *Barker* factors).

tified four factors for this balancing: length of delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant.[22] As to the last factor, prejudice, the Supreme Court has generally identified three interests: to prevent oppressive pretrial incarceration, to minimize anxiety and concern of the ac-cused, and to limit the possibility that the defense will be impaired.[23]

In the vast majority of federal opinions addressing an accused's right to a speedy trial, the court was considering the issue only after the accused had been convict-ed.[24] Rare has been the case addressing the issue before an accused is convicted.[25]

**22.** *Id.* at 530, 92 S.Ct. 2192; *e.g., Bell v. Lynaugh,* 828 F.2d 1085, 1094 (5th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 310, 98 L.Ed.2d 268 (1987).

**23.** *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193 (citing *United States v. Ewell,* 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966)); *see also Marion,* 404 U.S. at 320, 92 S.Ct. at 463 (explaining the evils to be prevented by the speedy trial guarantee).

**24.** For the post–1979 Fifth Circuit cases this Court has found specifically addressing after conviction the Sixth Amendment right to a speedy trial, see *Bell,* 828 F.2d at 1094 (affirming denial of § 2254 habeas petition, but finding the 8 year delay from arrest to trial presumptively prejudicial); *Millard v. Lynaugh,* 810 F.2d 1403, 1406 (5th Cir.) (affirming denial of § 2254 habeas petition, but finding the 18 month delay presumptively prejudicial), *cert. denied,* — U.S. —, 108 S.Ct. 122, 98 L.Ed.2d 81 (1987); *Gray v. King,* 724 F.2d 1199 (5th Cir.) (affirming denial of § 2254 habeas petition; finding the 10¼ month delay from arrest to trial not excessive, but examining other factors), *cert. denied,* 469 U.S. 980, 105 S.Ct. 381, 83 L.Ed.2d 316 (1984); *United States v. Crosby,* 713 F.2d 1066, 1079 (5th Cir.) (conviction affirmed; the 44 day delay was not unreasonably prejudicial), *cert. denied,* 464 U.S. 1001, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983); *United States v. Walker,* 710 F.2d 1062, 1068–69 (5th Cir.1983) (conviction affirmed; the 9 month delay between state arrest and federal trial did not violate right to speedy trial), *cert. denied,* 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 229 (1984); *United States v. Milhim,* 702 F.2d 522, 524–25 (5th Cir.1983) (conviction affirmed; factors revealed a 7½ month delay from indictment to trial); *United States v. Hicks,* 693 F.2d 32, 35 (5th Cir.1982) (conviction affirmed, where defendant showed no prejudice from delay), *cert. denied,* 459 U.S. 1220, 103 S.Ct. 1226, 75 L.Ed.2d 461 (1983); *Jamerson v. Estelle,* 666 F.2d 241, 243–45 (5th Cir. Unit A 1982) (affirming denial of § 2254 habeas petition, but finding the 44 month delay from indictment to trial presumptively prejudicial); *United States v. Hendricks,* 661 F.2d 38, 42–43 (5th Cir. Unit A 1981) (conviction affirmed; factors revealed an 11 month delay from indictment to trial); *United States v. Wilson,* 657 F.2d 755, 767 (5th Cir. Unit A 1981) (conviction affirmed in part; not analyzing other factors, where defendant showed no prejudice), *cert. denied,* 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 667 (1982); *Greer,* 655 F.2d at 53 (conviction affirmed; considering other factors where there was an 11¾ month delay from indictment to trial); *United States v. Nixon,* 634 F.2d 306, 308–10 (5th Cir.) (conviction affirmed; no speedy trial violation), *cert. denied,* 454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981); *United States v. Ocanas,* 628 F.2d 353, 357 (5th Cir. 1980) (conviction affirmed; no showing of substantial prejudice from the 5 month delay from arrest to indictment), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981); *Rheuark v. Shaw,* 628 F.2d 297, 302–03 (5th Cir.1980) (reversing finding of liability under § 1983, though presuming the 2 year delay in the appeals process violated due process under a *Barker* analysis), *cert. denied sub nom. Rheuark v. Dallas County, Texas,* 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1981); *United States v. Hill,* 622 F.2d 900, 909 (5th Cir.1980) (conviction affirmed, but finding the 38 month delay from indictment to trial required inquiry into other factors); *United States v. Vanella,* 619 F.2d 384, 386 (5th Cir.1980) (conviction affirmed; delay of under 100 days was not presumptively prejudicial and no prejudice was shown); *Hill v. Wainwright,* 617 F.2d 375, 378 (5th Cir.1980) (affirming denial of § 2254 habeas petition; the 3 year delay from arrest to trial required inquiry into other factors); *United States v. Mitchell,* 615 F.2d 1133, 1133 (5th Cir.1980) (conviction affirmed; the 15 month delay required inquiry into other factors); *United States v. Barboza,* 612 F.2d 999, 1001 (5th Cir.1980) (per curiam) (conviction affirmed; the 87 day delay from arraignment to trial was not presumptively prejudicial and no prejudice was alleged).

**25.** For the only post–1979 Fifth Circuit cases this Court has found specifically addressing pre-trial the Sixth Amendment right to a speedy trial, see *Dickerson,* 816 F.2d 220 (denying § 2241 habeas petition where defendant had not exhausted state court remedies; not addressing the merits of claim); *McDonald v. Burrows,* 731 F.2d 294, 297 (5th Cir.) (affirming denial of § 2256 habeas petition; the Sixth Amendment speedy trial right does not apply to extradition proceedings), *cert. denied,* 469 U.S. 852, 105 S.Ct. 173, 83 L.Ed.2d 108 (1984); *United States v. Litton Systems, Inc.,* 722 F.2d 264 (5th Cir.) (reversing dismissal of indictment, where other factors outweighed post-indictment delay), *cert. denied,* 466 U.S. 973, 104 S.Ct. 2349, 80 L.Ed.2d 822 (1984).

■ There are generally two types of relief sought by an accused who asserts a pre-trial habeas petition:

[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.[26]

The former challenges the *validity* of the delay, while the latter challenges the *present effects* of the delay.[27] In other words, a federal court may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him.[28]

While Greer's complaint is largely silent on the exact nature of relief he seeks, this Court must presume that he is not seeking at this time to have this Court dismiss the state charges pending against him.[29] The sole claim the Court presumes Greer to be

making at this time is one to mitigate the present effects of the trial delay—by forcing the state either to bring him to trial forthwith or to release him from incarceration pending the trial.

## C.

The Court now considers on its own initiative[30] whether Greer is entitled to raise his speedy trial claim in a federal habeas proceeding at this time.

■ While there is no statutory requirement that a person seeking habeas relief under § 2241 must first exhaust state court remedies before he is permitted to seek federal habeas relief, the Fifth Circuit (along with other courts) has, through case law, nonetheless required that such a person, like persons seeking relief under § 2254, must first exhaust his state court remedies before seeking federal habeas relief.[31] In other words, although federal courts have the power to address habeas petitions by state prisoners before their state trials,[32] these prisoners must still fulfill the state exhaustion requirement.

---

**26.** *Dickerson,* 816 F.2d at 226 (citing *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir.1976)); *see also Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973) ("nothing we have said would permit the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court"). For the guidon on this issue, see *Braden.*

**27.** *See McEachern v. Henderson,* 485 F.2d 694, 696 (5th Cir.1973).

**28.** *Compare Braden,* 410 U.S. at 488–93, 93 S.Ct. at 1126–28, *with Tooten v. Shevin,* 493 F.2d 173, 176–77 (5th Cir.1974), *cert. denied,* 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975). The sole exception this Court has found to the general rule is the Fifth Circuit case *Fain v. Duff,* 488 F.2d 218 (5th Cir.1973) (granting § 2241 habeas petition, where defendant raises double jeopardy defense, because this guarantee is intended to prevent not only punishment but also a second *trial* ), *cert. denied,* 421 U.S. 999, 95 S.Ct. 2396, 44 L.Ed.2d 666 (1975). *See also Gibson v. Klevenhagen,* 777 F.2d 1056 (5th Cir.1985) (reversing denial of habeas petition for violation of speedy trial provisions of the Interstate Agreement on Detainers; petitioner had pleaded guilty subsequent to the federal district court's denial of his petition, and the state was deemed to have waived any state exhaustion requirement).

**29.** *Dickerson,* 816 F.2d at 227. Of course, this Court does not suggest that Greer is precluded from raising this ground at his state court trial or in any post-trial appeals or habeas petitions. *See, e.g., Prince v. State of Alabama,* 507 F.2d 693 (5th Cir.) (reversing denial of § 2254 habeas petition to vacate conviction on speedy trial grounds), *cert. denied,* 423 U.S. 876, 96 S.Ct. 147, 46 L.Ed.2d 108 (1975).

**30.** *See Dickerson,* 816 F.2d at 225 n. 11 (citing *McGee v. Estelle,* 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc) (concerning the requirement for exhaustion of state court remedies under § 2254)).

**31.** *Id.* at 225 ("federal courts should abstain from the exercise of [§ 2241 federal habeas] jurisdiction if the issue raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner" (citations omitted)); *Brown,* 530 F.2d at 1283; *Prince,* 507 F.2d at 699 (citing *Prince v. Alabama,* 476 F.2d 298 (5th Cir.1973)); *Tooten,* 493 F.2d at 175; *Fain,* 488 F.2d at 223; *see Braden,* 410 U.S. at 489–90, 93 S.Ct. at 1127; *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed.2d 868 (1886).

**32.** As the Fifth Circuit has remarked, the right to a speedy trial is "one that can and should be vindicated without waiting until the state decides to conduct a trial." *Fain,* 488 F.2d at 224.

Turning to Greer's petition, the Court finds nothing to suggest that he has fully exhausted his possible state court remedies.[33] Thus, this Court cannot consider the merits of whether Greer is entitled or not to any federal habeas relief. Greer may seek relief from federal court if and only if he is unsuccessful in his request for habeas relief from the state trial judge and the two state appellate courts. Because Greer has not shown that he has been unsuccessful in obtaining relief from both the Louisiana Supreme Court and the Louisiana Court of Appeal for the First Circuit (and because it is not even clear that Greer or his counsel has specifically sought such relief from the state trial court),[34] this Court must dismiss Greer's request for federal habeas relief at this time.

If after making reasonable efforts[35] at seeking such relief in the state courts, Greer is still denied habeas relief from the state courts or if "the state unreasonably delays acting on his efforts to evoke state remedies,"[36] then and only then may he return to this Court with a subsequent application for habeas relief, at which time this Court may properly decide the merits of his habeas complaint.[37]

The Court does not have a full record before it—and, particularly, is unaware of the nature or complexity of the charge against Greer[38]—necessary to consider the *Barker* four-factor speedy trial analysis. Thus, the Court is not in the position, even if it were appropriate for it to do so, to suggest a time period within which the state must bring Greer to trial. The Court merely notes that a period as short as nine months (which is already longer than the period Greer has now been incarcerated) has been found presumptively prejudicial[39] and that the prejudice to the accused to be avoided[40] is particularly relevant and carries perhaps added significance at the pre-trial stage, when the law must presume an accused person to be innocent of the charges against him. In concluding, the Court is confident that the state, now fully aware of Greer's assertion of his speedy trial right and of the constitutional mandate therefor, will act most promptly so as wholly to avoid the need for Greer to petition this Court (or even the state appellate courts) for another habeas petition and for the federal courts to intervene in state criminal proceedings.

Accordingly, as to this claim, the Court overrules Greer's objections on the Magistrate's recommendation and adopts the Magistrate's recommendation. Thus, the Court dismisses Greer's habeas claim without prejudice for failure to exhaust state court remedies.[41]

33. *See Dickerson,* 816 F.2d at 228.

34. The record before this Court does not reveal any relevant motion or suggestion having been made to the state trial court, other than a motion for reduction of bond; according to Greer, see *supra* note 4, his counsel never moved for a speedy trial under Louisiana law. Before Greer may seek any relief from the Louisiana First Circuit and, if necessary, then from the Louisiana Supreme Court, he must, of course, first seek such relief from the state trial court itself.

35. *See Brown,* 530 F.2d at 1284.

36. *Breazeale v. Bradley,* 582 F.2d 5, 6 (5th Cir. 1978) (citing *Reynolds v. Wainwright,* 460 F.2d 1026, 1027 (5th Cir.) (per curiam), *cert. denied,* 409 U.S. 950, 93 S.Ct. 294, 34 L.Ed.2d 221 (1972)).

37. In making his present application for habeas relief, Greer did not use the form typically used for habeas relief; any subsequent habeas applications Greer makes to this Court should be on the standard form for habeas relief under 28 U.S.C. § 2241.

38. *See Gray v. King,* 724 F.2d 1199, 1202 (5th Cir.) (citing *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192), *cert. denied,* 469 U.S. 980, 105 S.Ct. 381, 83 L.Ed.2d 316 (1984); *see also United States v. Loud Hawk,* 474 U.S. 302, 314, 106 S.Ct. 648, 656, 88 L.Ed.2d 640 (1986) (citing *United States v. Herman,* 576 F.2d 1139, 1146 (5th Cir.1978)) (should consider "the seriousness of the crime").

39. *Gray,* 724 F.2d at 1202 (citing *United States v. Butler,* 426 F.2d 1275, 1277 (1st Cir.1970), *cert. denied,* 401 U.S. 978, 91 S.Ct. 1207, 28 L.Ed.2d 328 (1971)).

40. *See supra* note 23 and accompanying text.

41. Because the state exhaustion requirement is a well-established rule of law, see *supra* note 31, the Court is satisfied that Greer's habeas petition is "frivolous" at this time for purposes of 28 U.S.C. § 1915(d). *See, e.g., Irving v. Thigpen,*

Expressly determining that there is no just reason for delay in the entry of judgment as to this claim, the Court hereby directs the Clerk of Court to enter judgment under F.R.Civ.P. 54(b) on this one claim only.

## IV.

For these reasons, IT IS ORDERED that Greer's claim for habeas corpus relief pursuant to 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter final judgment on this claim pursuant to Rule 54(b).

The Court does not dismiss Greer's § 1983 claim for inadequate medical attention at this time. As to this claim, IT IS ORDERED that the Clerk of Court prepare, and the U.S. Marshal serve, process on the warden of the St. Tammany Parish Jail forthwith, that defendants file an answer or other responsive pleading as to this claim within 20 days of the entry of this order, and that this matter be again referred to the Magistrate for further proceedings on this one claim in accordance with this order.

732 F.2d 1215, 1216 n. 2 (5th Cir.1984) (per