891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Marvin PHILLIPS, Jr., Plaintiff-Appellant,
v.
Thomas JENKINS, Brian Riley, et al., Defendants-Appellees.
 No. 88-4027.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1989.*
Decided Dec. 8, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Frank Marvin Phillips appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 complaint against eleven officers who were involved in the investigation of the homicide that led to Phillips' state court manslaughter conviction. The district court concluded that habeas corpus was the proper remedy for Phillips' claims, and ordered him to file a habeas petition or show cause why the case should not be dismissed for failure to prosecute. When Phillips failed to comply with the order, the district court dismissed the case. We review a dismissal for failure to prosecute for an abuse of discretion. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam).
 
 
 3
 "Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus." Young v. Kenny, No. 88-3995, slip op. at 12607 (9th Cir. Oct. 11, 1989); see also Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681 (9th Cir.1984). This is true even if the prisoner does not specifically request the reduction of his sentence in his complaint. Young, slip op. at 12607. Phillips' § 1983 complaint alleged that officers disturbed the crime scene, failed to administer or botched various tests, lied on the witness stand, and deprived Phillips of evidence necessary for his defense. Because favorable resolution of these claims would undermine Phillips' state court conviction and current parole, the claims should have been included in a habeas petition. See id. at 12607-08; cf. Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir.1986) ("[W]here factual allegations of a complaint could give rise either to habeas relief or to civil rights remedies, it is settled that the former must be first pursued to a conclusion....").
 
 
 4
 Phillips first argues that a habeas petition would be improper because he is not in custody. Phillips' current parole, however, satisfies the "custody" requirement of the habeas statute. See Jones v. Cunningham, 371 U.S. 236, 243 (1963).
 
 
 5
 Phillips next argues that the district court abused its discretion in dismissing his action because he failed to convert his § 1983 claim into a habeas petition. The district court notified Phillips that a habeas petition was the proper format for his complaint, gave him thirty days to file a petition, or show cause why his action should not be dismissed. Phillips, however, refused to comply. Because Phillips could not have litigated his action as a § 1983 claim, the district court's decision to characterize the action as habeas corpus was proper. Having characterized the action as habeas corpus, the district court properly dismissed it for failure to prosecute.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3